UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASPIRE OIL SERVICES LIMITED                CIVIL ACTION

VERSUS                                     NO:   10-1733

LAZARUS ENERGY HOLDINGS, LLC               SECTION: "C" (1)

**ORDER AND REASONS**

This matter comes before the Court on Plaintiff Aspire Oil Services Limited's ("Aspire") Motion for Reconsideration of the Court's Denial of Aspire's Motion for Summary Judgment. (Rec. Docs. 37 & 36).

Although the Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration," the courts have developed an approach to evaluate such a motion. The Court first considers which of two federal rules governs the motion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990). The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173. In particular, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* In this case, Plaintiff filed its Motion to Reconsider within 10 days of the August 24, 2010 Order, so it will be treated as a Rule 59(e) Motion to Alter or Amend. (Rec. Docs. 36 & 37).

Alteration or amendment of a previous ruling under Rule 59(e) "'calls into question the correctness of the judgment.'" *Tremplet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir.

1

2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  This motion serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  It may also be used to prevent manifest injustice.  *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).  As such, it must be used sparingly.  *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

Here, Plaintiffs request this Court to reconsider its ruling denying Plaintiffs' Motion for Summary Judgment. (Rec. Doc. 37 & 36).  Specifically, Plaintiffs ask this Court to indicate whether it finds any disputed issues of fact regarding whether Aspire validly terminated the Securities Purchase Agreement ("SPA") under Section 10.1(c). (Rec. Doc. 37 at 1).  The Court finds that a disputed issue of material fact exists regarding this issue.  Whether or not Plaintiffs validly terminated the SPA pursuant to 10.1(c) depends on whether Defendants validly terminated the SPA pursuant to 10.1(b), which in turn depends on whether Aspire "used commercially reasonable efforts to obtain its business associates' consent to [Lazarus's] acquisition of L&L Oil & Gas Services, LLC." (Rec. Doc. 36).  The Court determined in its August 24, 2011 Denial of Summary Judgment that there is a disputed issue of material fact as to this latter issue.  Plaintiffs have not put forth new evidence or demonstrated that the Court made a manifest error of law or fact.  Accordingly, Plaintiff's Motion for reconsideration is inappropriate, and the Court's Denial of Plaintiff's Motion for Summary Judgment still stands.

Accordingly,

IT IS ORDERED that Motion for Reconsideration filed by Aspire is DENIED insofar as the Court additionally finds summary judgment is inappropriate as to whether Plaintiffs validly

2

terminated the Securities Purchase Agreement under Section 10.1(c) of that agreement. (Rec. Doc. 37).

New Orleans, Louisiana, this 14th day of September, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**